**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ANGELITA GARCIA,<br><br>        Plaintiff,<br><br>v.<br><br>BRIDENT, INC. d/b/a BRIDENT DENTAL<br>SERVICES, LLC f/k/a BRIDENT DENTAL<br>& ORTHODONTICS and JOHN DOES 1-10,<br><br>        Defendants. | Case No. 5:23-cv-00920<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** ANGELITA GARCIA ("Plaintiff"), by and through her undersigned counsel, complaining of BRIDENT, INC., d/b/a BRIDENT DENTAL SERVICES, LLC f/k/a BRIDENT DENTAL & ORTHODONTICS ("Defendant") and JOHN DOES 1-10, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq*., invasion of privacy, trespass to chattels, and intentional/negligent infliction of emotional distress.

2.       "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

5.      Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as Plaintiff resides in San Antonio and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Western District of Texas.

## PARTIES

9.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in San Antonio, Texas

10.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

11.      Defendant is a group of dentists and orthodontists that specializes in affordable dental care that allows its patients to pay for its services over time. Defendant maintains its principal place of business at 530 S. Main Street, Suite 600, Orange, California 92868. Defendant offers a wide variety of dental services and financing to customers throughout the state of Texas.

12.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13.      JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect past due balances owed to Defendant. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

2

14.     At all times relevant, Defendant had an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is liable for the acts of its agents John Does 1-10.

## FACTUAL ALLEGATIONS

10.     In August 2022, Plaintiff spoke with Defendant about dental services that she required and entered into a contract for said services in the amount of approximately $2,000, with a $300 down payment ("subject debt").

11.     During Plaintiff's initial appointment, her dental provider was not paying attention and watching television. As such, Plaintiff decided to cancel her contract and not return to Defendant for further dental care.

12.     When Plaintiff spoke with Defendant and advised that she was not satisfied with her dental care, Defendant told her that it would subtract the services she received from her down payment and refund her the difference of $90.36.

13.     On or around October 11, 2022, Plaintiff began receiving calls to her cellular phone from Defendant regarding the subject debt.

14.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8291.

15.     At all times relevant, Plaintiff's number ending in 8291 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

3

17.     During the first call Plaintiff received, she told the Defendant that (1) she canceled the contract; (2) she paid for the services that she received; (3) she was refunded the difference from her down payment; (4) she owes nothing further; and (5) to put her on the "do not call list" and to not call her again.

18.     Despite Plaintiff's request that the collection calls cease, Defendant continued its harassing collection calls to Plaintiff's cellular phone in an attempt to collect a debt that Plaintiff did not owe.

19.     In some of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemail messages on Plaintiff's cellular phone requesting a call back.

20.     The prerecorded voicemail messages would state as follows:

> "Hello this is Tammy with Brident Dental, Dr. Sen's office. Calling with important information for you. Call us back immediately at 877-703-4358. Once again that number is 877-703-4358. This is a toll free number. Our office hours are Monday through Friday, 7:00 am to 6:00 pm. Saturday 8:00 am to 5:00 pm Pacific Standard Time. Thank you. "

21.     Plaintiff had no choice but to submit to Defendant's harassing pre-recorded collection calls.

22.     From October, 2022 through the present, Defendant placed numerous artificial and/or prerecorded calls to Plaintiff's cellular phone after Plaintiff initially requested that the collection calls cease.

23.     Upon information and belief, all the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

24.     It was clear to Plaintiff that all of Defendants' phone calls utilized an artificial and/or prerecorded voice ("robocalls") as (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voice in the voicemails and the greeting

4

in answered calls was monotone and was conspicuously not the voice of a live representative; (4) none of Defendant's voicemails identified by name the intended recipient of the call; and (5) all voicemails directed Plaintiff to call the same number (call center) to speak to an unidentified representative.

25.    All of Defendant's robocalls were placed from the phone number (210) 996-2156 and (877) 762-8773.

26.    Defendant's incessant robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27.    Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

28.    Due to Defendant's refusal to honor Plaintiff's request to cease contact with her, Plaintiff was forced to retain counsel and file this action to compel Defendant to cease its unlawful robocalls.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30.     Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or *an artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

31.     Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency robocalls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

32.     As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

33.     As pled above, Defendant did not have consent to place robocalls to Plaintiff's cellular phone as Plaintiff requested that Defendant cease its calls.

34.     Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

35.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff.

36.     As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, respectfully requests the following relief:

a.      a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b.      an order enjoining Defendant from placing further unlawful calls to Plaintiff;

c.      an award of $500.00 in damages to Plaintiff for each violating call;

d.      an award of treble damages up to $1,500.00 to Plaintiff for each violating call; and

e.      any further relief as this Honorable Court deems just and proper.


**COUNT II**
**Violations of the Texas Debt Collection Act (Tex. Fin. Code Ann. §392 *et seq.*)**

37.     Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

40.     The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.      Violations of TDCA § 392.302**

41.     The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42.     Defendant violated the TDCA when it continued to call Plaintiff's cellular phone despite her demands and the information she provided Defendant. Defendant persisted in harassing

7

her for payment, including after Plaintiff's demand that its contacts cease. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment, even though she did not owe the debt it was attempting to collect on. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls intended to harass Plaintiff.

43.     Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing collection call campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that their conduct was unwelcome.

   **b.     Violations of TDCA § 392.304**

44.     The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

45.     Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone in the manner it did attempting to collect a debt not owed. Defendant was prohibited from harassing Plaintiff, and its conduct in knowingly harassing Plaintiff attempting to collect a debt not owed was thus deceptive as it suggested to Plaintiff that she still owed the subject debt and that she was required to endure such harassment unless and until she paid a payment on the subject debt.

46.     Further, Defendant violated the TDCA when it deceptively attempted to collect an amount that Plaintiff did not owe. On multiple occasions, Plaintiff discussed her issues with Defendant's dental services and her subsequently canceling her contract. Repeatedly she told

8

Defendant that she paid for the services she received when it deducted the amount owed from her down payment, and refunded the remaining balance to her. Despite nothing further being owed by Plaintiff on the subject debt, Responded harassed Plaintiff with collection calls in an attempt to mislead her into making additional payments that it knew she did not owe.

47.     As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.   Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.   Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.   Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g.   Awarding any other relief as this Honorable Court deems just and appropriate.

### .COUNT III:
### Invasion of Privacy by Intrusion Upon Seclusion

51.     All preceding Paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

52.      Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a Plaintiff must show that another has intentionally intruded, physically or otherwise,

upon the Plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

53.      Defendant's intrusive collection calls to Plaintiff in such excess were an intentional intrusion upon the Plaintiff's seclusion or solitude.

54.      The intrusive unwanted phone calls would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

55.      A reasonable person would find such calls to be highly offensive.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.      A finding that Defendant's invaded Plaintiff's privacy by intrusion upon seclusion;

b.      Entry of judgment in Plaintiff's favor and against Defendant for invasion of privacy;

c.      An award of actual damages; and

d.      An award of punitive damages.

**COUNT IV:**
**Trespass to Chattels**

56.      All preceding Paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

57.      Generally, to establish a cause of action in trespass to a chattel there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

58.     Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring, therefore temporarily impairing the phone's physical condition.

59.     Moreover, as set forth above, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

60.     As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.     A finding that Defendant trespassed on Plaintiff's chattel (cellular phone);

b.     Entry of judgment in Plaintiff's favor and against Defendant for trespass to chattels;

c.     An award of actual damages; and

d.     An award of punitive damages.

### COUNT V:
### Intentional Infliction of Emotional Distress

61.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

62.     Generally, liability for the tort of intentional infliction of emotional distress may be found only where the conduct has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

63.     Defendant's comprehensive conduct in placing relentless unending collection calls and ignoring Plaintiff's request that the collection calls cease goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

11

64.     As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

   a.   A finding that Defendant's conduct was intentional and caused Plaintiff emotional distress;

   b.   Entry of judgment in Plaintiff's favor and against Defendant for intentional infliction of emotional distress;

   c.   An award of actual damages; and

   d.   An award of punitive damages.

**Plaintiff demands a trial by jury.**

Date: July 25, 2023                              Respectfully submitted,

                                                 **ANGELITA GARCIA**

                                                 /s/ *Marwan R. Daher*
                                                 Marwan R. Daher, Esq.
                                                 Sulaiman Law Group, Ltd.
                                                 2500 South Highland Avenue
                                                 Suite 200
                                                 Lombard, IL 60148
                                                 Phone: (630) 575-8181
                                                 mdaher@sulaimanlaw.com
                                                 *Counsel for Plaintiff*